UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| NEIMENGGU FUFENG BIOTECHNOLOGIES CO., SHANDONG FUFENG FERMENTATION CO., LTD., and XINJIANG FUFENG BIOTECHNOLOGIES CO., LTD., | : : : : : : | |
| Plaintiffs, | : : | Court No. 23-00068 |
| v. | : : | |
| UNITED STATES, | : : | |
| Defendant. | : : | |

## COMPLAINT

Plaintiffs Neimenggu Fufeng Biotechnologies Co., Shandong Fufeng Fermentation Co., Ltd., and Xinjiang Fufeng Biotechnologies Co., Ltd. (collectively, "Fufeng"), by and through undersigned counsel, hereby allege and state as follows.

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Fufeng seeks review of the final results of the U.S. Department of Commerce, International Trade Administration (the "Department"), decision in the eighth administrative review ("AR8") of the antidumping duty ("ADD") order on xanthan gum from the People's Republic of China ("China") covering the period July 1, 2020 through June 30, 2021, published as *Xanthan Gum from the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2020-2021*, 88 Fed. Reg. 9861 (Feb. 15, 2023) ("*Final Results*").

2. The challenged determinations, findings, and conclusions are set out primarily in the Department's "Issues and Decision Memorandum" (Feb. 2, 2023) and "Final Surrogate Value Memorandum" (Feb. 2, 2023) accompanying the *Final Results*.

## JURISDICTION

3.  This action is filed pursuant to 19 U.S.C. §§1516a(a)(2)(A)(i) and 1516a(a)(2)(B)(iii) to contest the *Final Results* issued by the Department in AR8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFFS

4.  Fufeng is a producer/exporter of xanthan gum from China that was selected as a mandatory respondent in AR8. Fufeng participated in the Department's proceeding that resulted in the challenged determination and is subject to the *Final Results*. Therefore, Fufeng is an interested party as described in 19 U.S.C. § 1677(9)(A) and has standing to bring this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF THE ACTION

5.  Parties to actions challenging Department determinations pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) regarding administrative reviews must file the summons within 30 days of the date of publication in the Federal Register of the final results. 19 U.S.C. § 1516a(a)(2)(A)(i). The Department published the *Final Results* on February 15, 2023.

6.  This action was timely commenced within 30 days of the date of publication of the *Final Results*, by the filing of a Summons on March 16, 2023. This Complaint is timely filed within 30 days of the filing of Fufeng's Summons, in accordance Rule 6(a)(1)(c) of the Rules of this Court. Therefore, both the Summons and the Complaint have been timely filed in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c) and pursuant to Rules 3(a)(2) and 6(a) of the Rules of this Court.

## BACKGROUND

7.  The Department issued the ADD order on xanthan gum from China on July 19, 2013.

*Xanthan Gum from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order*, 78 Fed. Reg. 43,143 (July 19, 2013).

8. On September 7, 2021, the Department initiated AR8 with respect to a number of exporters of xanthan gum from China, including Fufeng. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 86 Fed. Reg. 50034 (Sept. 7, 2021).

9. In AR8, the Department individually examined the sales of Fufeng, which participated by providing the Department with responses to questionnaires and various factual information and argument concerning the review.

10. On May 27, 2022, Fufeng submitted factual information concerning coal pursuant to 19 C.F.R. §§ 351.102(b)(21)(v), 351.301(c)(5), which the Department rejected and removed from the record, treating it as an untimely filed, unsolicited new factual information.

11. By its determination published August 5, 2022, the Department preliminarily assigned Fufeng an ADD rate of 0%. *Xanthan Gum from the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review, Partial Rescission of the Antidumping Duty Administrative Review; and Preliminary Determination of No Shipments; 2020-2021*, 87 Fed. Reg. 47,971 (Aug. 5, 2022) ("*Preliminary Results*").

12. In the *Preliminary Results*, the Department selected Malaysia as the primary surrogate market economy country for China, from which the surrogate values ("SV") of the mandatory respondents' factors of production ("FOP") were obtained to calculate normal value ("NV"). U.S. Department of Commerce Preliminary Decision Memorandum (July 29, 2022), at 10-14, 18-21. The Department preliminarily used financial statements of Ajinomoto (Malaysia) Berhad ("Ajinomoto") to value reported energy FOPs in its NV calculation.

13. Throughout AR8, Fufeng placed SV information on the record for the Department's use

in valuing FOPs. On September 12, 2022, Fufeng filed an administrative case brief requesting that the Department in its final determination use particular SV data to value FOPs, including ocean freight and truck freight. Fufeng's administrative case brief further challenged the Department's preliminary determinations to: (1) deduct Section 301 duties paid by the Importer of Record ("IOR") upon entry from its U.S. price calculations and (2) apply the Cohen's *d* test to Fufeng's U.S. sales as part of its "differential pricing" analysis.

14.    On November 18, 2022, the Department rejected Fufeng's rebuttal case brief on the basis that it included untimely new factual information. Fufeng resubmitted its rebuttal case brief with redactions required by the Department on November 21, 2022.

15.    On December 12, 2022, the Department rejected Fufeng's redacted rebuttal case brief on the basis that it allegedly included improper rebuttal arguments challenging the Harmonized Tariff Schedule ("HTS") subheading for valuing coal. Fufeng resubmitted its redacted rebuttal brief with additional redactions required by the Department on December 14, 2022.

16.    On February 15, 2023, the Department published its AR8 *Final Results*. The Department in its *Final Results*, *inter alia*: directly valued energy coal based on HTS 2701.12.9000; continued to use Ajinomoto financial data to value reported energy FOPs in its NV calculation, but did so based on a revision of Ajinomoto financial ratio calculations from the *Preliminary Results*; capped the SV assigned to Fufeng's soybean dregs; adjusted Fufeng's recommended calculation to value ocean freight; deducted Section 301 duties paid by the IOR upon entry from its U.S. price calculation; and applied the Cohen's *d* test to Fufeng's U.S. sales. As a result of these decisions, and including changes to the *Preliminary Results*, the Department assigned Fufeng a final ADD rate of 17.36%. *Final Results*, 88 Fed. Reg. at 9862.

## STATEMENT OF CLAIMS

### COUNT ONE

17. Paragraphs 1 to 16 are adopted, incorporated and re-alleged here by reference.

18. The Department's decision in its *Final Results* to directly value energy FOPs in its NV calculation based on a revision of Ajinomoto's preliminary financial ratio calculations was unsupported by substantial evidence and was otherwise not in accordance with law.

### COUNT TWO

19. Paragraphs 1 to 16, and 18 are adopted, incorporated, and re-alleged here by reference.

20. The Department's decision in its *Final Results* to directly value energy coal based on HTS 2701.12.9000 instead of HTS 2701.19 was unsupported by substantial evidence and was otherwise not in accordance with law.

### COUNT THREE

21. Paragraphs 1 to 16, 18, and 20 are adopted, incorporated, and re-alleged here by reference.

22. The Department's decision to cap the SV assigned to Fufeng's soybean dregs was unsupported by substantial evidence and was otherwise not in accordance with law.

### COUNT FOUR

23. Paragraphs 1 to 16, 18, 20, and 22 are adopted, incorporated, and re-alleged here by reference.

24. The Department's decision to adjust Fufeng's recommended calculation to value ocean freight was not supported by substantial evidence and was otherwise not in accordance with law.

### COUNT FIVE

25. Paragraphs 1 to 16, 18, 20, 22, and 24 are adopted, incorporated, and re-alleged here by

reference.

26. The Department's deduction of Section 301 duties paid by the IOR upon entry from its U.S. price calculations was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT SIX

27. Paragraphs 1 to 16, 18, 20, 22, 24, and 26 are adopted, incorporated, and re-alleged here by reference.

28. The Department's application of the Cohen's *d* test to Fufeng's U.S. sales was unsupported by substantial evidence and was otherwise not in accordance with law.

## COUNT SEVEN

29. Paragraphs 1 to 16, 18, 20, 22, 24, 26, and 28 are adopted, incorporated, and re-alleged here by reference.

30. The Department's decisions to reject and remove from the record Fufeng's factual information concerning coal and portions of Fufeng's rebuttal case brief were unsupported by substantial evidence and were otherwise not in accordance with law.

## PRAYER FOR RELIEF

WHEREFORE, Fufeng requests that this Court:

(a) hold that the Department's *Final Results* are unsupported by substantial evidence and are otherwise not in accordance with law;

(b) remand the *Final Results* with instructions to issue a new determination consistent with this Court's decision; and

(c) provide such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Ned H. Marshak*

Ned H. Marshak
Dharmendra N. Choudhary
Jordan C. Kahn

GRUNFELD, DESIDERIO, LEBOWITZ SILVERMAN & KLESTADT LLP

599 Lexington Ave., 36th Floor
New York, New York 10022
(212) 557-4000
**
1201 New York Ave., NW, Ste. 650
Washington, DC 20005
(202) 783-6881

*Counsel to Plaintiffs Neimenggu Fufeng Biotechnologies Co., Shandong Fufeng Fermentation Co., Ltd., and Xinjiang Fufeng Biotechnologies Co., Ltd.*

Dated:  April 17, 2023

## CERTIFICATE OF SERVICE

Pursuant to Rule 3(f) of the Rules of the Court of International Trade, I certify that on April 17, 2023, a copy of the foregoing Complaint was served upon the following individuals and notified all the interested parties who were a party to the proceeding below, by certified mail, return receipt requested:

**UPON THE UNITED STATES**
Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
**U.S. Department of Justice**
Room 346
26 Federal Plaza
New York, New York 10278

Director, Civil Division
Commercial Litigation Branch
**U.S. Department of Justice**
1100 L Street, NW
Washington, DC 20530

**UPON THE U.S. DEPARTMENT OF COMMERCE**
General Counsel
**U.S. Department of Commerce**
14th Street & Constitution Avenue, NW
Washington, DC 20230

Evangeline Keenan
Director, APO/Dockets Unit
**U.S. Department of Commerce**
14th Street & Constitution Avenue, NW
Room 18022
Washington, DC 20230

**On Behalf of Meihua Group International Trading (Hong Kong) and Xinjiang Meihua Amino Acid Co., Ltd.**
David Craven, Esq.
**Craven Trade Law LLC**
3744 N Ashland
Chicago, IL 60613

**On Behalf of CP Kelco (Shandong) Biological Company Limited, CP Kelco U.S., Inc.**
Matthew Kanna, Esq.
**Greenberg Traurig, LLP**
2101 L Street NW
Washington, D.C. 20037

**On Behalf of Biochemical Ltd. and Deosen Biochemical (Ordos) Ltd.**
Chunlian Yang, Esq.
**Alston & Bird, LLP**
950 F Street, NW
Washington, DC 20004-1404

**On Behalf of Jianlong Biotechnology Co., Ltd.**
Robert George Gosselink, Esq.
**Trade Pacific PLLC**
700 Pennsylvania Avenue, SE, Suite 500
Washington, DC 20003

/s/ Ned H. Marshak
Ned H. Marshak