UNITED STATES COURT OF INTERNATIONAL TRADE
Before the Hon. Gary S. Katzman, Judge

| | |
|---|---|
| Neimenggu Fufeng Biotechnologies Co., Shandong Fufeng Fermentation Co., Ltd., And Xinjiang Fufeng Biotechnologies Co., Ltd<br>*Plaintiff,*<br><br>Meihua Group International (Hong Kong) Limited and Xinjiang Meihua Amino Acid Co., Ltd.,<br><br>*Consolidated Plaintiffs,*<br><br>v.<br><br>United States,<br><br>*Defendant,* | Cons. Ct. No. 23-00068 |

**MEMORANDUM OF LAW IN SUPPORT OF THE
RULE 56.2 MOTION OF CONSOLIDATED PLAINTIFFS MEIHUA
GROUP INTERNATIONAL (HONG KONG) LIMITED AND XINJIANG
MEIHUA AMINO ACID CO., LTD
FOR JUDGMENT UPON THE AGENCY RECORD**

David J. Craven, Esq.
CRAVEN TRADE LAW LLC
3744 N Ashland Avenue
Chicago, Illinois 60613
Tel. 773-709-8506
David.craven@tradelaw.com
  Counsel for Consolidated Plaintiffs

Dated: October 30, 2023

Table of Contents

Table of Contents ..................................................................................................... i

Table of Authorities ................................................................................................ ii

I.   Introduction ..................................................................................................... 1
II.  Statement pursuant to Rule 56.2(c) ................................................................ 1
     A. Administrative determination under review ............................................. 1
     B. Issues of law ............................................................................................. 2
     C. Summary of arguments ............................................................................ 2
     D. Statement of facts .................................................................................... 2
III. Standard of review .......................................................................................... 3
IV.  Argument ........................................................................................................ 4
     A. Meihua should receive any Modified Rate assigned to Fufeng ............... 4
V.   Conclusion ...................................................................................................... 4

## TABLE OF AUTHORITIES

*Court Cases:*

*Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837 (1984) ................................................................................................................ 3
*Fujitsu Gen. Ltd. v. United States,* 88 F.3d 1034 (Fed. Cir. 1996) .......................... 3
*Pesquera Mares Australes Ltda. v. United States,* 266 F.3d 1372 (Fed. Cir. 2001) ................................................................................................................ 3
*Wheatland Tube Co. v. United States,* 495 F.3d 1355 (Fed. Cir. 2007) ..................... 3

*Statutes:*

19 U.S.C. §1516a(b) ................................................................................................ 3
19 U.S.C. §1673d(c)(5) ............................................................................................ 3

I. **INTRODUCTION**

This is an appeal from the 8th administrative review of the antidumping order on Xanthan Gum from the People's Republic China covering the period of review July 1, 2020 through June 30, 2021. *Xanthan Gum from China*, 88 Fed. Reg. 9861 (Feb. 2, 2023), PR241 ("*Final Results*") and Issues and Decision Memorandum, PR233 ("IDM"). Consolidated Plaintiffs Meihua Group International (Hong Kong) Limited and Xinjiang Meihua Amino Acid Co., Ltd., ("Meihua") were not selected as mandatory respondents, but participated in the action through the filing of documents and case briefs. Accordingly, both entities were parties to the proceeding, and assert that if the Court adjusts the margins for the Neimenggu Fufeng Biotechnologies Co., Shandong Fufeng Fermentation Co., Ltd., and Xinjiang Fufeng Biotechnologies Co., Ltd ("Fufeng") the plaintiffs in this case, the margins for consolidated plaintiffs should also be adjusted.

II. **STATEMENT PURSUANT TO RULE 56.2(c)**

A. **Administrative Determination Under Review**

This action is brought pursuant to 19 U.S.C. § 1516a (a)(2)(B)(iii) to contest Commerce's final determination as published in the Federal Register as *Xanthan Gum from China*, 88 Fed. Reg. 9861 (Feb. 2, 2023), PR241 ("*Final Results*"), Issues and Decision Memorandum, PR233  In the Final Results, Commerce assigned a rate

1

to Meihua plaintiffs based on the rate assigned to Fufeng, the sole mandatory respondent.

### B. Issues of Law

Should the rate for a non-selected respondent be adjusted if the mandatory respondent prevails in its Court challenge.

### C. Summary Of Arguments

- The Court should assign any modified rate calculated for Fufeng to Meihua.

### D. Statement Of Facts

In October 2021, the Department initiated the 8th Administrative Review on Xanthan Gum for multiple exporters including consolidated plaintiffs. See *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 86 Fed. Reg. 50,034, 50,043 (Sept. 7, 2021), PR 30. Meihua was not selected as a mandatory respondent. Respondent Selection Memorandum (October 21, 2021), PR 36. Meihua fully participated in the review, submitting both separate rate certifications (PR 19) and case briefs (PR 208).

On August 5, 2022 the Department issued its preliminary results assigning to Meihua the same rate assigned to Fufeng, the sole mandatory respondent. In September 2022 Meihua submitted its case brief urging the Department to assign to Meihua the rate assigned by the Department to Fufeng. (PR 208).

In February 2023, Commerce published its final results assigning a rate of 17.36% to Fufeng and applying the same rate to the SRA respondents including Meihua. *Xanthan Gum from China*, 88 Fed. Reg. 9861 (Feb. 2, 2023), PR241

### III. <u>STANDARD OF REVIEW</u>

The Court will hold unlawful Commerce determinations that are unsupported by substantial evidence on the record or are not otherwise in accordance with law. 19 U.S.C. §1516a(b). To determine whether Commerce's interpretation and application of 19 U.S.C. §1673d(c)(5) is "in accordance with law," the courts review the statute to determine whether "Congress has directly spoken to the precise question at issue." *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 842 (1984).

If the statute is silent or ambiguous with respect to the specific issue, the Federal Circuit has held that *Chevron* deference is owed Commerce's statutory interpretations as to appropriate methodology. *Pesquera Mares Australes Ltda. v. United States,* 266 F.3d 1372, 1379 (Fed. Cir. 2001). That analysis entails determining whether Commerce's construction of an ambiguous statute is "permissible." *See Chevron,* 467 U.S. at 843. A "permissible" construction is understood in terms of reasonableness; only reasonable interpretations will be upheld by the Court. *See Fujitsu Gen. Ltd. v. United States,* 88 F.3d 1034, 1038 (Fed. Cir. 1996) *('Chevron* requires us to defer to the agency's interpretation of its

own statute as long as the interpretation is reasonable."). To determine reasonableness, courts look to the express terms of the statute, the objectives of the statute, and the objectives of the statutory scheme as a whole. *Wheatland Tube Co. v. U.S.,* 495 F.3d 1355, 1361 (Fed. Cir. 2007).

### IV. ARGUMENT:

#### A. *Meihua should receive any Modified Rate assigned to Fufeng*

Plaintiff Fufeng, in its October 30, 2023, 56.2 motion for judgment and memorandum in support, detailed multiple errors in the Department's final determination. Consolidated plaintiffs incorporate and restate such arguments as if they had been presented by consolidated plaintiffs in this submission. If the Court determines that such arguments have merit and remands the matter for reconsideration, it is probable that a new rate will be calculated for Plaintiff Fufeng. As this rate also provided the sole basis for the rate assigned to consolidated plaintiffs, if the rate for Fufeng changes, the rate for consolidated plaintiffs should also change.

### V. CONCLUSION

Meihua respectfully requests that this Court grant its motion for Judgment on the Agency Record and remand this case to Commerce with instructions consistent with the points set forth in this memorandum. Specifically, the Court should find:

- That the arguments presented by Fufeng are meritorious and remand this matter to the Department to correct the rate assigned to Fufeng; and

- That any corrected rate for Fufeng should also be the rate which applies to Meihua.

                                        Respectfully submitted,

                                        <u>/s/ David Craven</u>
                                        David Craven

                                        Counsel to Meihua Group International (Hong Kong) Limited and Xinjiang Meihua Amino Acid Co., Ltd. .

Dated: October 30, 2023

5