# UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| NEIMENGGU FUFENG BIOTECHNOLOGIES CO., SHANDONG FUFENG FERMENTATION CO., LTD., and XINJIANG FUFENG BIOTECHNOLOGIES CO., LTD., | |
| Plaintiffs, | Consol. Court No. 23-00068 |
| and | |
| MEIHUA GROUP INTERNATIONAL (HONG KONG) LIMITED and XINJIANG MEIHUA AMINO ACID CO., LTD., | |
| Consolidated Plaintiffs, | |
| v. | |
| UNITED STATES, | |
| Defendant, | |

## PLAINTIFFS' POST ARGUMENT SUBMISSION

The Government commits legal error through its myopic treatment of whether Fufeng had adequate notice to exhaust the bituminous coal HTS argument, improperly attributing notice of HTS 2701.12.9000 based merely on inconspicuous listing in the Preliminary SV Memo. Fufeng demonstrated that Commerce's simultaneous proclamation through its words and actions to continue indirectly valuing coal rendered the HTS listing superfluous. Fufeng also established that exhaustion requirement is not a one-way street laser-focused on one party's actions and inactions, but is instead based on a dynamic intersection of the respective obligations and actions of interested parties together with those of Commerce under specific factual circumstances.

Fufeng established that the Federal Circuit decision *ABB, Inc. v. United States*, 920 F.3d 811 (Fed. Cir. 2019), *aff'g* 273 F.Supp.3d 1186 (CIT 2017), constitutes controlling precedent on the exhaustion issue. Commerce's "general policy" established in AR5, AR6, and AR7 to indirectly value coal using Ajinomoto's SGA ratios and it changed its practice on the coal valuation issue in AR8 at issue here. Commerce nominally listing bituminous coal in HTS 270112, or a subheading thereunder in the Preliminary SV Memo, does not support its refusal to let Fufeng to raise SV issue in rebuttal; settled precedent supported classification under HTS 2701.19 because its heat value was less than 5,833 Kcal/Kg. Since "Fufeng had no opportunity to anticipate" that Commerce would change its general policy in the AR8 *Final Results*, Oral Argument Recording (Sept. 11, 2024) ("OA"), at 12:00, Commerce was obligated to provide "adequate notice" to Fufeng. Such adequate notice required that Commerce explicitly state in the *Preliminary Results* that it was considering diverging from its normal policy and explain the implications thereof. OA at 14:0. Because Commerce failed to fulfill the obligations mandated by *ABB*, it was required to allow Fufeng to reply to Petitioner's coal argument in Fufeng's Rebuttal Brief.[1]

The Government unwittingly supports Fufeng's argument when explaining that in *ABB*, Commerce "proposed a change of methodology without really explaining in enough detail what that actually meant as a practical matter and what the consequences would be of changing its methodology and for that reason . . . it was determined that parties had not waived their argument." OA at 58:38. The Government then bemoans that in *ABB*, parties "**did not know what was going on below since Commerce had not adequately explained it**." OA 59:13 (emphasis added). The same scenario exists in AR8. Here, Commerce did not explain at all, *i.e.*,

---

[1] Fufeng exhausted the coal HTS argument in its rebuttal brief, but Commerce improperly rejected it.

"gave no inkling to the parties," OA at 1:03.50, of its possible adoption in the *Final Results* of using HTS 2701.12.9000 to directly value coal. This lack of explanation is telling because the Government nowhere challenges the undisputed fact that Fufeng's coal's heat value is less than 5800 Kcal/Kg and should thereby be classified under HTS 2701.19 (not 2701.12.9000). Fufeng's situation is even stronger than the *ABB* plaintiff afforded some explanation, albeit inadequate.

Even crediting the Government's argument that Commerce's Preliminary SV Memo's HTS listing amounted to notice: "Fufeng had to be endowed with an extraordinary ability of foresight, guesswork and anticipation to divine that Commerce, notwithstanding its proclamation to the contrary, was going to reverse its longstanding practice and this time value coal directly much less select a HTS heading that was contradicted by record evidence." OA at 12.40. Therefore, "legitimate, prudential concerns warrant . . .waiver of {Fufeng's} failure to exhaust its administrative remedies." *ABB*, 920 F.3d at 818.

The Government's repeated invocation of *Boomerang Tube LLC v. United States*, 856 F.3d 908 (Fed. Cir. 2017) fails to resuscitate its weak case. OA at 39:05, 1:06.10, Unlike *Boomerang* where a party in rebuttal addressed only the principal argument while failing to raise the subsidiary argument, "Fufeng in its rebuttal brief raised both its principal argument, *i.e.*, to not directly value coal, as well as its subsidiary argument, *i.e.*, to value it under HTS 2701.19 instead of HTS 2701.12.9000, but Commerce improperly redacted the subsidiary argument. So, unlike *Boomerang*, Fufeng actually exhausted fully." OA at 13:30.

Moreover, unlike *Boomerang,* in which the plaintiff's obligations to exhaust both the principal and subsidiary arguments were triggered by the opposing party's case brief, Fufeng's purported obligations to exhaust as claimed by the Government splits the baby into arguments to: (1) raise an argument challenging Commerce's choice of HTS for coal in the Case Brief; and

3

(2) challenge Petitioner's Case Brief claims regarding direct valuation of coal in the Rebuttal Brief. Fufeng agreed with Commerce's preliminary valuation methodology and had no reason to bring challenge in its Case Brief. Fufeng disagreed with the valuation proposed in Petitioner's Case Brief, thereby obligating Fufeng to reply–and did in fact reply, but that was stricken from the record. *Boomerang* is distinguishable for this additional reason.

The hollowness of the Government's claim is self-evident insofar as an antecedent subsidiary argument, without the predicate of the principal argument thereto, is premature if not meaningless. Here, the claimed trigger to the subsidiary argument, *i.e.*, HTS listing in the Preliminary SV Memo, was at best inchoate and was made meaningful only after the Petitioner affirmatively argued to directly value coal–which unambiguously meant valuing it under their proposed HTS 2701.12.9000. Hence, it was only Petitioner's direct briefing that Fufeng was placed on adequate notice that HTS 2701.12.9000 could be triggered in the *Final Results* to directly value coal. Fufeng, therefore was required to exhaust both its principal and subsidiary arguments in its Rebuttal Brief, which it did. Commerce's redaction of the subsidiary arguments was unlawful.

Finally, the Federal Circuit in *ABB* distinguished the Government's main crutch, *Boomerang*:

> Our decision in *Boomerang* . . . rested on the determination that the {CIT}'s decision with respect to waiver was based upon legal error and a clearly erroneous finding of material fact, neither of which exists here. Rather, in this case, the court exercised its discretion to excuse *ABB*'s failure to exhaust because the *Preliminary Results* and *Preliminary Analysis Memorandum* showed that Commerce was diverging without adequate explanation from its usual treatment . . . . *Boomerang* . . . plainly is different from this case.

*ABB,* 920 F.3d at 820.

Identical facts exist in here. Because "Commerce was diverging without adequate explanation from its usual treatment of commissions paid on U.S. sales. . . . *Boomerang* . . . plainly is different from this case." *Id*. Accordingly, overwhelming record evidence and settled precedent requires that this Court reverse Commerce's refusal to consider Fufeng's coal HTS argument when it rejected Fufeng's rebuttal brief, or alternatively, waive Fufeng's failure to exhaust. Moreover, with respect to the valuation of coal, the Government conspicuously sidesteps the "avoidable distortion" of Ajinomoto's overhead and SGA ratios that was triggered under the methodology to directly value Fufeng's coal FOPs in contrast to its indirect valuation under Ajinomoto's SGA ratios.

Furthermore, this Court should reject the Government's tame protests that notwithstanding its undisputed heat value, Fufeng's coal's classification under HTS 2701.19 cannot be equated to a question of law under *Gerson Co. v. United States*, 898 F.3d 1232 (Fed. Cir. 2018)*,* since that case decided a classification issue. Because the valuation of coal is derivative of its HTS classification, Fufeng's arguable lack of exhaustion for the coal HTS falls within the recognized question of law exception to failure to exhaust. This is an additional reason why failure to exhaust should be waived and the coal HTS issue should be adjudicated on its merits.

*        *        *

Respectfully submitted,

*/s/ Dharmendra N. Choudhary*
Ned H. Marshak
Dharmendra N. Choudhary*
Jordan C. Kahn*

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP

599 Lexington Ave., 36th Fl.

5

                                                New York, NY 10022
                                                (212) 557-4000

                                                *1201 New York Ave., NW, Ste. 650
                                                Washington, DC 20005
                                                (202) 783-6881

Dated:  September 20, 2024

## CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this brief complies with the word limitation requirement. The page count for Plaintiffs' Response to this Court's Questions for Oral Argument, as computed by Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt's word processing system Microsoft Word 2007, is within the 1,250 word limit set by the Court on September 11, 2024, ECF 46, excluding the portions of briefs exempted by Standard Chambers Procedures 2(B)(1)(c) ("The . . . table of contents, table of authorities, . . . and counsel's signature block do not count toward the limitations.").

/s/ Jordan C. Kahn  
*Counsel for Plaintiffs*

Dated: September 20, 2024

12933520_1