**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| NEIMENGGU FUFENG BIOTECHNOLOGIES CO., LTD., ET AL., | ) ) ) ) |
| Plaintiffs, | ) ) |
| and | ) ) |
| MEIHUA GROUP INTERNATIONAL (HONG KONG) LIMITED AND XINJIANG MEIHUA AMINO ACID CO., LTD., | ) ) ) ) ) |
| Consolidated Plaintiffs, | ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) |
| Defendant. | ) ) |

Consol. Court No. 23-00068

**DEFENDANT'S REQUEST TO SUSTAIN THE REMAND REDETERMINATION**

Defendant, the United States, respectfully requests that the Court sustain the Department of Commerce's remand results in this action and enter judgment accordingly.  *See Final Results of Redetermination Pursuant to Court Remand,* ECF No. 79-1 (Apr. 30, 2026) (Second Remand Results).  Plaintiffs Neimenggu Fufeng Biotechnologies Co., Shandong Fufeng Fermentation Co., Ltd., and Xinjiang Fufeng Biotechnologies Co., Ltd. (collectively, Fufeng) and consolidated plaintiffs Meihua Group International (Hong Kong Limited) and Xianjiang Meihua Amino Acid, Co., Ltd. (collectively, Meihua) have stated that they will not be filing comments on the Second Remand Results and that "Fufeng and Meihua fully support" the remand results.  *See* ECF No. 80 at 1 (May 1, 2026).  Accordingly, pursuant to Rule 1 of the Rules of this Court, defendant respectfully requests that this Court vacate the timeline for filings and comments regarding the

Second Remand Results, *see* ECF No. 77 (Jan. 30, 2026) at 22, and sustain the remand results. *See* CIT R. 1 (stating that the rules of this Court should be employed "to secure the just, speedy, and inexpensive determination of every action and proceeding.").

## BACKGROUND

This case concerns the results of the 2020 to 2021 administrative review of the antidumping order covering xanthan gum from China. *See Xanthan Gum From the People's Republic of China*, 88 Fed. Reg. 9,861 (Dep't Commerce Feb. 15, 2023) (P.R. 241) (Final Results), and the accompanying Issues and Decision Memorandum (IDM) (P.R. 233).[1]  In the final results, Commerce calculated Fufeng's energy factors-of-production directly, rather than as part of a selling, general, and administrative expense ratio.  IDM at 11-14.  To do so, Commerce used surrogate values for Fufeng's energy factors-of-production—coal—based on Malaysian data.  Second Remand Results at 2-3.  Commerce valued Fufeng's coal costs using HTS[2] 2701.12.9000, resulting in a revised weighted-average dumping margin of 17.36 percent for Fufeng and Meihua.  *Id*.

Fufeng and Meihua challenged the final results before this Court.  *See Neimenggu Fufeng Biotechnologies Co. v. United States*, 741 F. Supp. 3d 1354 (Ct. Int'l Trade 2024).  On

---

[1] Citations to the public record "P.R. __" refer to the underlying administrative review record.

[2] HS—the Harmonized System—is an international standard administered by the World Customs Organization that provides a uniform series of six-digit classifications (e.g. 2701.12). *Cf. Totes-Isotoner Corp. v. United States*, 594 F.3d 1346, 1356 (Fed. Cir. 2010).  A HTS— Harmonized Tariff Schedule—is implemented by an individual country using the HS's standardized nomenclature and six-digit classifications and can include subdivisions beyond the HS's six digits (e.g. 2701.12.9000). *Cf. Neimenggu Fufeng Biotechnologies Co. v. United States*, 816 F. Supp. 3d 1356, 1362 (Ct. Int'l Trade 2026) (*Fufeng II*).  The Second Remand Results uses "HS," but is referencing the Harmonized Tariff Schedule of Malaysia.  *See* Second Remand Results at 6 (discussing "two HS subheadings from the primary surrogate country"); *see also id*. at 2 ("Commerce used Malaysian data").  Therefore, we use HTS here for clarity.  *Cf. Fufeng II*, 816 F. Supp. 3d at 1362 (noting "[t]his difference in nomenclature is immaterial").

December 16, 2024, the Court sustained Commerce's determination in part, dismissed one count of Fufeng's complaint for lack of standing, and remanded the matter to Commerce to both further explain its direct valuation of energy factors-of-production and to reconsider its choice of HTS 2701.12.9000.  *See id.*

On May 6, 2025, Commerce issued its first remand redetermination, in which it provided further explanation of its decision to directly value energy costs and maintained that Fufeng's coal should be valued using HTS 2701.12.9000.  *See Final Results of Redetermination Pursuant to Court Remand Order*, ECF No. 53.  On January 30, 2026, the Court sustained Commerce's direct valuation of Fufeng's energy factor-of-production, but remanded the matter to Commerce to reconsider whether HTS 2701.12.9000 or HTS 2701.19 is the "best available information" for valuing Fufeng's coal with instructions to give Note 2 to Chapter 27 of the World Customs Organization's Harmonized System due consideration.  *See Fufeng II*, 816 F. Supp. 3d at 1370.

On April 30, 2026, Commerce filed the second remand results with the Court.  On remand, Commerce determined that "[HTS] 2701.19 is the proper subheading for the valuation of Fufeng's coal[.]"  *Id.* at 4.  Commerce considered Note 2 as instructed, acknowledging that "Note 2 references HS 2701.12 as bituminous coal but more importantly, as noted by the Court, coal with a heat value greater than or equal to 5,833 kcal/kg."  *Id.* at 7.  Commerce further noted that Fufeng had reported its coal "has a heat value less than 5,833 kcal/kg."  *Id.*  Accordingly, Commerce determined HTS 2701.12 and its sub-category HTS 2701.12.9000 should not be used for valuing Fufeng's coal.  *Id.*  Commerce determined instead to value Fufeng's coal using HTS 2701.19.0000, finding that HTS 2701.19.0000 "explicitly covered the type of coal used by Fufeng" as it "includes 'Other' coal without accompanying heat value requirements."  *Id.*  As a result, the weighted-average dumping margin for Fufeng was recalculated to zero percent.  *Id.* at

8.  Because Meihua's separate rate was based on Fufeng's weighted-average dumping margin, Meihua's rate was also recalculated to zero percent.  *Id*.

## ARGUMENT

The Court should accept and sustain the remand results.  Commerce has complied with this Court's remand order to: (1) reconsider whether HTS 2701.12.9000 or HTS 2701.19 is the "best available information" for valuing Fufeng's coal, and (2) to give Note 2 due consideration. *Compare Fufeng II*, 816 F. Supp. 3d at 1370, *with* Second Remand Results at 7 (acknowledging Note 2 and determining that HTS 2701.19 "is more specific to Fufeng's coal").  Commerce's remand results are supported by substantial evidence and its determination accords with the law. *See*, *e.g.*, *Carbon Activated Tianjin Co. v. United States*, 650 F. Supp. 3d 1354, 1376 (Ct. Int'l Trade 2023) (sustaining Commerce's determinations selecting a HTS subheading for surrogate valuations where Commerce analyzed the plain language of the subheadings and relied on available heat value information in connection with HTS descriptions), *aff'd*, No. 2023-2413, 2025 WL 1354994 (Fed. Cir. May 9, 2025).  Furthermore, no party challenges Commerce's determinations.  *See* ECF No. 80 at 1-2 ("Fufeng and Meihua therefore respectfully request that this Court affirm Commerce's Second Remand.").

## CONCLUSION

Given the lack of any dispute or controversy, the substantial evidence that supports Commerce's determination, and that Commerce's remand determination is in accordance with law and complies with the Court's remand order, we respectfully request that the Court sustain Commerce's second remand results.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Tara K. Hogan
TARA K. HOGAN
Assistant Director

Of Counsel:

EMILY BURTON
Attorney
Office of the Chief Counsel for
    Trade Enforcement & Compliance
U.S. Department of Commerce

/s/ Augustus Golden
AUGUSTUS GOLDEN
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
(202) 305-5915

May 5, 2026

Attorneys for Defendant

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| NEIMENGGU FUFENG BIOTECHNOLOGIES CO., LTD., ET AL., <br><br> Plaintiffs, <br><br> and <br><br> MEIHUA GROUP INTERNATIONAL (HONG KONG) LIMITED AND XINJIANG MEIHUA AMINO ACID CO., LTD., <br><br> Consolidated Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Consol. Court No. 23-00068 |

## [PROPOSED] ORDER

Upon consideration of the remand redetermination, plaintiffs' and consolidated plaintiffs' notice of no comments, defendant's request to sustain, and all other pertinent papers, it is hereby

**ORDERED, ADJUDGED, and DECREED**, that the Department of Commerce's Final Results of Redetermination Pursuant to Court Remand, ECF No. 79-1 are sustained

.

 

_____
Gary S. Katzmann, Judge

Dated: _____, 2026
New York, New York